IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Crim. No. 01-60005-01-HO |
| Plaintiff, | Order |
| v. | |
| RICHARD WESLEY ELLIOTT, | |
| Defendant. | |

After he entered a conditional guilty plea to violating 18 U.S.C. § 922(g)(1), the court sentenced defendant on March 6, 2002, to a 180-month term of imprisonment. Although he contends he filed no direct appeal, defendant in fact appealed the denial of his motion to suppress evidence. <u>United States v. Elliott</u>, 322 F.3d 710, 712 (9th Cir. 2003). Now before the court is a document titled "Habeas Corpus Appeal," filed by defendant on June 17, 2005.

## Discussion

Defendant contends that Congress lacked authority under the Commerce Clause of the United States Constitution to enact

Section 922(g)(1), (in the alternative) Title 18 of the United States Code is unenforceable because it was not enacted by Congress, and the court determined defendant's sentence based on judicial fact-finding, in violation of the Sixth Amendment.

Notwithstanding that he titled his filing a "Habeas Corpus Appeal," defendant cites to Rule 60(b)(4) of the Federal Rules of Civil Procedure, regarding relief from void judgment. A Rule 60(b) motion is appropriate to seek reconsideration of previously decided claims. Hamilton v. Newland, 374 F.3d 822, 825 (9th Cir. 2004). On the other hand, a federal prisoner may test the legality of his detention by motion, and the court will not entertain an application for writ of habeas corpus unless it also appears that this remedy is inadequate or ineffective. 28 U.S.C. § 2255. The remedy is not inadequate or ineffective merely because a motion is procedurally barred. See Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (procedural bar against successive motion). Based on the relief sought, defendant's filing is properly construed as a Section 2255 motion. The court has not previously considered defendant's claims. So construed, the motion is untimely. A one-year limitations period applies to motions under Section 2255. In this case, the period runs from October 6, 2003, when the Supreme Court denied defendant's petition for writ of certiorari.

Even if his filing is somehow timely, defendant does not

argue cause and prejudice for failing to present his arguments on direct appeal.

To the extent the filing is properly construed as a timely and proper petition for writ of habeas corpus or Rule 60(b) motion, defendant's arguments fail on the merits. Congress did not exceed its authority under the Commerce Clause when it enacted Section 922(g)(1) of Title 18. United States v. Davis, 242 F.3d 162 (9th Cir. 2001). Defendant does not demonstrate that Congress did not enact applicable sections of Title 18. Defendant admitted the elements of a violation of Section 922(g)(1) in his plea petition. Defendant was not entitled to have a jury determine whether he was previously convicted of three serious drug offenses or violent felonies within the meaning of 18 U.S.C. § 924(e)(2)(A) and (B).

## Conclusion

Based on the foregoing, defendant's motion [#88], styled as a "Habeas Corpus Appeal," is denied.

IT IS SO ORDERED.

DATED this 3rd day of August, 2005.

_____
United States District Judge